*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1767**

State of Minnesota,
Respondent,

vs.

Samuel Richard Grey,
Appellant.

**Filed August 26, 2024**
**Affirmed**
**Worke, Judge**

Anoka County District Court
File No. 02-CR-23-960

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Anneliese L. McCahery, Blaine City Attorney, Eckberg Lammers, P.C., Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrew J. Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Larson, Judge; and Smith, John, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**WORKE**, Judge

Appellant challenges his theft conviction, arguing that the state failed to present sufficient evidence to sustain a conviction. We affirm.

## FACTS[1]

On February 2, 2023, appellant Samuel Richard Grey was observed shoplifting from a grocery store. A loss-prevention employee observed Grey on the store's surveillance cameras as he placed items into a shopping cart and other items into a reusable bag. Grey concealed the items in the bag by covering them with another bag. A cashier rang up the items that Grey had placed into the cart. Grey bagged the paid-for items and left the store with both the paid-for items and the items in the bag that he did not pay for.

The employee followed Grey out of the store and confronted him; Grey was uncooperative. Grey drove out of the parking lot and the employee reported the theft to police.

A police officer arrived at the store and interviewed the employee. The officer looked up Grey's driver's license and vehicle-registration information to confirm whether Grey's photo matched the surveillance video of the suspected shoplifter. The officer confirmed that Grey was the individual from the surveillance video and that the vehicle was registered to Grey. The officer issued Grey a citation.

---

[1] The facts are based on trial testimony.

At Grey's jury trial, respondent State of Minnesota called the employee and the police officer as witnesses and showed the jury the store's surveillance video. Grey testified in his defense.

The jury found Grey guilty as charged. The district court imposed a stayed sentence of 90 days and placed Grey on probation for one year. This appeal followed.

**DECISION**

In a criminal case, due process requires the prosecution to prove every element of the charged crime beyond a reasonable doubt. *State v. Culver*, 941 N.W.2d 134, 142 (Minn. 2020). Grey is guilty of theft if he intentionally took another's property without consent and with the intent to permanently deprive the owner of that property. *See* Minn. Stat. § 609.52, subd. 2(a)(1) (2022).

When evaluating a sufficiency-of-the-evidence claim, appellate courts view the evidence "in the light most favorable to the verdict, and . . . assume[] that the fact-finder disbelieved any evidence that conflicted with the verdict." *State v. Griffin*, 887 N.W.2d 257, 263 (Minn. 2016). Evidence is sufficient to support a guilty verdict if a fact-finder could reasonably find that the defendant committed the charged offense. *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). But the level of scrutiny applied when conducting a sufficiency-of-the-evidence review depends on whether the elements of an offense were supported by direct or circumstantial evidence. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013).

In general, the intent to commit a theft is proved by circumstantial evidence. *State v. Slaughter*, 691 N.W.2d 70, 77 (Minn. 2005). When a sufficiency challenge relates to

3

circumstantial evidence, a two-step analysis is applied by the reviewing court. *State v. Harris*, 895 N.W.2d 592, 598 (Minn. 2017). First, this court must identify the circumstances proved "by resolving all questions of fact in favor of the jury's verdict," giving deference to the jury's credibility determinations. *Id.* at 600. Second, this court must "consider the reasonable inferences that can be drawn from the circumstances proved." *Id.* at 601. The circumstances proved must, when viewed as a whole, "be consistent with a reasonable inference that the accused is guilty and inconsistent with any rational hypothesis except that of guilt." *Id.* At this stage, appellate courts do not defer to the jury's choice between reasonable inferences. *Id.* The circumstantial evidence "must form a complete chain that . . . leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (quotation omitted).

The state has met its burden of proof beyond a reasonable doubt if there is sufficient circumstantial evidence to prove that Grey "intentionally and without claim of right [took] . . . possession of [groceries] of another without the other's consent and with intent to deprive the owner permanently of possession of the [groceries.]" *See* Minn. Stat. § 609.52, subd. 2(a)(1).

Here, the state presented evidence which proved the circumstances beyond a reasonable doubt that Grey: (1) entered a grocery store on February 2, (2) placed items in a reusable bag and concealed those items, and (3) left the store without paying for the items that he concealed. The record supports that Grey intended to take possession of the groceries without the store's consent and with intent to permanently deprive the store of

possession in that the employee followed Grey out of the store, Grey was uncooperative, and Grey drove out of the parking lot. Further, Grey testified about the events on February 2. Based on the jury verdict, the jury credited the state's witnesses over Grey. *See Harris*, 895 N.W.2d at 600 (stating that this court must identify circumstances proved "by resolving all questions of fact in favor of the jury's verdict," giving deference to jury's credibility determinations).

Based on the circumstances proved, the jury verdict was "consistent with a reasonable inference that the accused is guilty and inconsistent with any rational hypothesis except that of guilt." *See id.* at 601. Therefore, the state presented sufficient circumstantial evidence to prove beyond a reasonable doubt that Grey committed misdemeanor theft pursuant to section 609.52, subdivision 2(a)(1).

**Affirmed.**